IN THE UNITED STATES DISTRICT COURT of the WESTERN DISTRICT of VIRGINIA

name: Mr. Gary Wall

number: 1133749

Place of Confinement: WALLENS RIDGE STATE PRISON,
Post Office Box 759, BIG STONE GAP, Virginia 24219

AMENDED COMPLAINT

date: November 1st 2023

Mr. Gary Wall #1133749
Plaintiff

Civil action no. 7:23-cv-00331

42 USC § 1983 AMENDED COMPLAINT

v.

Officer Brian McConnel; Counce Handler of R.O.S.D.; et-alii;
Sgt. D. Williams; Sergeant of R.O.S.D.;
Sgt. James Jones; Sergeant of R.O.S.D.;
Sgt. Cody Taylor; Sergeant of R.O.S.D.;
Lt. Jordan Fleming; Lieutenant of R.O.S.D.;
Officer Tyler Fulton; Correctional Officer of R.O.S.D.;
Officer Alfred Yates; Correctional Officer of R.O.S.D.;
Officer Jonathan Lester; Correctional Officer of R.O.S.D.

defendant(s)

PRELIMINARY STATEMENT:

This is a Civil action filed by Mr. Gary Wall #1133749, a Prisoner, for NOMINAL; COMPENSATORY; and PUNITIVE damages under 42 USC § 1983, for mental or emotional (Psychological Harm), and significant (Physical) injuries. A declaration and a preliminary and permanent injunction, alleging Violations to plaintiff's 8th Amendment of the United States Constitution's "EXCESSIVE FORCE CLAUSE"; also the State law claims of: ASSAULT (Assault by agent); and Willful and Wanton negligence.

I. JURISDICTION AND VENUE:

1. This is a Civil action authorized by 42 USC § 1983; to Redress the deprivations, under Color of State law of Rights Secured by the Constitution of the United States. The court has jurisdiction under 28 USC § 1331, and 1343 (a)(3). Plaintiff Seeks declaratory Relief pursuant to 28 USC § 2201, and 2202. Plaintiff's claims for injunctive Relief are authorized by 28 USC § 2283, and 2284, and RULE 65, of FEDERAL RULES OF CIVIL PROCEDURE. This court has supplemental jurisdiction over Plaintiff's State law claims under 28 USC § 1367.

2. The UNITED STATES DISTRICT COURT of the WESTERN DISTRICT of VIRGINIA is an appropriate venue under 28 USC § 1391 (b)(2), because it is where the events giving rise to this claim occurred.

II. PLAINTIFF

3. The Plaintiff, Mr. Gary Wall #1133749, is at all times mentioned herein is a prisoner of the State of Virginia in the Custody of the Virginia Department of Corrections. He is currently confined at WALLENS RIDGE STATE PRISON, in BIG STONE GAP, Virginia.

(CONTINUES ON NEXT PAGE)

(1) (page: one of: 31)

42 USC §1983 ; COMPLAINT (42:255)
Continued from page one.

## III. DEFENDANTS

4. Defendant BRIAN MCCOWAN, is employed by the Virginia Department of Corrections who, at all times mentioned in the Complaint, held the position of : CANINE HANDLER, and was assigned the CANINE SHADOW, assigned to RED ONION STATE PRISON.

5. Defendants D. Williams ; James Jones ; and Cody Taylor, are employed by the Virginia Department of Corrections who, at all times mentioned in the Complaint, held the position of : SERGEANT, and was assigned to RED ONION STATE PRISON.

6. Defendant JORDAN Francis, is employed by the Virginia Department of Corrections who, at all times mentioned in the Complaint, held the position of : LIEUTENANT, and was assigned to RED ONION STATE PRISON.

7. Defendants Tyler Fuller ; ANDREW YATES ; and JONATHAN LESTER, are employed by the Virginia Department of Corrections who, at all times mentioned in the Complaint, held the position of : CORRECTIONAL OFFICER, and was assigned to RED ONION STATE PRISON.

8. Each defendant is Sued individually and in his or her Official Capacity. At all times mentioned in this Complaint each defendant acted under the Color of State Law.

## IV. STATEMENT OF FACTS

9. On February 11th 2021, at approximately 7:40 pm. the last Remaining Cells (517 through 532) were Opened for Pod Recreation (due to us being on Modified Lock Because of Covid). After exiting my Cell (Cell-517) I went down Stairs and walked to the Trash Can. Since the floor Officer K. Wilgens, was sitting at the table Right in front of the Trash Can writing in the Log Book, I told him "I was going Back in", on my way Back to my Cell. Since he looked up, I took it he heard me as I proceeded to the Stairs.

10. Before I got to my Cell, I heard : "HEY, WHAT THE HELL ARE YOU DOING?", "WHO SAID YOU COULD GO BACK IN", when I realized the officer was talking to me, I turned around and Responded "I told you I was going back in when I was by the Trash Can" when he Responded with Something I Could not understand laced with profanity, I simply waved him off and proceeded to my Cell and Closed my Cell door behind me (Because my Cell door was Broke, it never Closed all the way unless done manually)

11. A few minutes later, Officer Wilgens Came to my Cell door and Shook it (to assure it was locked) then asked me "WHO IN THE FUCK DO YOU THINK YOU ARE"... and began making threatening Statements while at my Cell door for Several Minutes. Since I wasn't Responding to

(CONTINUED ON NEXT PAGE)

(2) (page: Two of : 8 )

(CONTINUATION OF: IV. STATEMENT OF FACTS; PARAGRAPH #11, ON PAGE-TWO)

Additionally he was Saying, he Said he would "TALK TO ME IN THE VESTIBULE ABOUT MY ATTITUDE", and walked off checking the remaining Cell doors of J18, through 122.

12. A few minutes later, my Cell door Opens. Since I didn't Come out of my Cell (or even Come to the door) a female Officer, later identified as L. SUTHERLAND, Came to the intercom and informed me: "THE OFFICER WANTS TO SEE YOU IN THE VESTIBULE", I told her: "I WAS NOT GOING TO THE VESTIBULE UNLESS A SUPERVISOR was OUTTHERE". Since her Request was Repeated, I go to the intercom (which is by the doorway of the Cell) and as I'm talking to the Booth Officer, informing her of what I was Saying, I See officer Watkins on the Bottom tier Giving me a Directive to "Go to the VESTIBULE".

13. Once I Come out of my Cell, I go down the Stairs and walk (in front of officer Watkins) to the Vestibule as Directed but once I exit the pod, I STOP Because I don't See a Supervisor and without provocation, the Officer assaults me by Grabbing my Right arm (without Saying ANYTHING) So I immediately pull away from him and he then pushes me up against the Wall by my face using Both of his hands while Simultaneously Saying: "You FUCKING NIGGER".

14. AFTER this Racist Out-burst, Only then do I Start to defend myself. AFTER a Brief Tussle Before the Canine arrived, I go to the ground and lay Flat on my Stomach and Reach my Left arm out as far as I Could go (to Surrender myself) and Show I'm NOT Resisting, while I'm in this non-threatening position he uses all of his weight to press my head into the Concrete floor then Sticks his Thumb into my left eye Socket while Calling me a MOTHERFUCKER, to avoid him taking my eye out, I jerked head away and Removed his hand off my eye, as I'm doing this without being given any directives by the Canine Officer, later identified as Officer D. McCOWEN, with his Commmand, I'm Viciously Bit by the Canine on my left leg, Ripping a hole in my upper leg area above my Knee Causing Extreme pain. Only then is any attempt made by officer Watkins to Restrain me - [See: attached #1 and #2]

15. I'm then taken to the BRAVO -4, 5 & 6's Exit doorway by Responding Officers But I'm told to Kneel down and face the Wall when I hear an Officer either Sgt. C. Taylor or Lt. J. Fleming Say "GO GET A CAMERA, LEG IRONS, and 5-point RESTRAINTS, WE'ER GOING TO STRIP HIS ASS DOWN", as I'm Kneeling facing the Wall, Not Moving, and Compliant, The officers on my left side and Right Side, later identified as Officer T. Fuller and L. Yates, are Calling me "A PIECE OF SHIT...", "An ASSHOLE..." when the officer on my LEFT Side Starts pulling the Back

(CONTINUED ON NEXT PAGE)

(3) (Page: three of: 5 )

CONTINUATION OF: IV. STATEMENT OF FACTS, PARAGRAPH #15, from page: Three

(CONTINUATION OF: IV. STATEMENT OF FACTS, PARAGRAPH #15, ON PAGE: THREE)

the back of my hair, trying to pull out my hair to cause pain, then calls me a "BLACK PIECE OF SHIT", while W. Fleming and Sgt. Taylor watched.

16. When the officer with the cameras and leg irons arrived, the leg restraints are put on me as tight as they could go them. I was ordered to stand up and walk. As I tried to comply with the directive, I replied I couldn't. Because of my leg injury (BSG 0790) and the tightness of the restraints. But as I exit the building trying to comply, I was slammed head-first into a puddle of muddy water on the sidewalk without warning, causing injury to the right side of my face above my eye (see: attached #1 and #2) and bombarded with racial insults laced with profanity by several escorting officers, later identified as Defendants Fuller, Office, Jones, Taylor and Fleming (see: attached #6 (a) through (F)) whom other officers watched on defendant Plaintiff while en route.

17. I was been dragged several feet down the walkway when someone grabbed the chains on my leg restraints and lifted my legs off the ground. When it was decided they (the escorting officers) were NOT going to carry me to medical my feet were dragged and I was ordered to walk again (to avoid any further unnecessary force being used) I tried again, as a sergeant, later identified as D. Williams, approached from the front, and asked "Is the cameras on him?", whom he's given a "NO" as a response (because officer J. Locker was NOT recording my transport from BRAVO-building to medical with the hand held camera in clear violation of operating procedures 420-1, and 420-2) Sgt. Williams then punched me three (3) times in the face while I was fully restrained and compliant causing further injuries to the left side of my face (see: attached #1 and #2) As I'm being escorted to medical then were I am strapped down in 5-point restraints for approximately 12 hours (see: attached #6 (a) through (E))

18. While housed in the medical department at Wallens Ridge State Prison, since my arrival on 2/8/21, I repeatedly filled general supervisors during rounds of the medical dept. (on both shifts) for informal complaint forms in accordance with policy, to exhaust my remedies but I was denied because of my "alleged assault on a officer at RED ONION", or, just flat out denied, so on 2/17/21, I wrote the grievance department and received these forms on or about 2/18/21, (see: attached #7)

19. On or about 2/23/21, I wrote an informal complaint logged as #ROSP-2021-INF-00441 (see: attached #7(a)) indicating: "Future litigation for the assault by the canine while laying on my stomach and being repeatedly assaulted while being called "A NIGGER", by R.O.S.P. staff while en route to medical from BRAVO-building," (among other uses of unnecessary force) and requested "Specific" video footage be saved that was request responded to by Intel. Office

(CONTINUED ON NEXT PAGE)

(4) (page: four of: 8)

42 USC § 1983; COMPLAINT (Amended)
Continuation of: II. STATEMENT OF FACTS, Paragraph #19, from page: four

(CONTINUATION OF: II. STATEMENT OF FACTS, PARAGRAPH #19, FROM PAGE: FOUR)
at Stanley on 3/19/21.

20. On 3/23/21, I Submitted an Regular Grievance that was denied "In-take" on 3/24/21, indicating my Grievance was a "REQUEST FOR SERVICES", on which I immediately appealed to the WESTERN REGIONAL Ombudsman who, on 5/5/21, up-held the In-TAKE Decision (See: attached #4(3)°(c)) also, #4(c))

21. After Receiving the Regional Ombudsman's Response to the Unprocessed Grievance Stated in ¶ 20, of this Complaint, on or about 5/11/21, In accordance with §66.1 IV B #2, on page II, within 5 days of Receiving the In-take appeal Response, I Resubmitted Another Regular Grievance on 5/19/21, indicating it was a Resubmitted Grievance without any Such Language that Could be used to Misconstrue my Grievance for a "Request For Services", that was Denied In-take on 5/25/21, indicating: "Expired Filing Period" (See: attached #5(a)(i)) In which, I immediately appealed to the Regional Ombudsman on 6/2/21, informing them of my effort to Exhaust All available Remedies Concerning this incident with this Resubmitted Grievance that was filed After Receiving the Level-II, appeal Response to the initial Grievance that had Been appealed and to Consider the time it took for me to Receive the Response", who on 6/9/21, up-held the In-take Decision Making the Level-II, In-take appeal Decision, in accordance with §66.1 IV D #1 (d), on page II, Final. (See: attached #5(a)(ii))

## IV. EXHAUSTION OF REMEDIES

22. Plaintiff. Mr. Gray/DOC #1135749, prior to filing any Civil action, Attempted to Exhaust the Administrative Remedies available to him but my Grievance(s) were Rejected as Untimely or a Request for Services. I have appealed those Determinations to the Highest Level available to me before filing this action As Stated in Paragraphs 18 through 21, of this Complaint. I have attached documentation Verifying my Attempts to Exhaust administrative Remedies.

## V. CLAIMS FOR RELIEF

23. Plaintiff Realleges and incorporate by Reference paragraphs #1 through #22.

CLAIM-I: 8th Amendment Violations;

24. "The Eighth Amendment protects against the infliction of Cruel and Unusual Punishment" U.S. CONST. VIII. After Incarceration, Only the "UNNECESSARY and Wanton infliction of pain", Constitutes

(CONTINUED ON NEXT PAGE)

C.C. FILE

42 USC § 1983 ; COMPLAINT (AMENDED)

Continuation of : IV. CLAIMS FOR RELIEF , paragraph # 24 , on page : Five

(CONTINUATION OF : IV. CLAIMS FOR RELIEF , PARAGRAPH #24 , ON PAGE : Five)

Cruel and Unusual punishment forbidden by the Eighth Amendment. "Where a prison Security measure is under taken to Restore a disturbance ... the question whether the measure Prison inflicted unnecessary and wanton pain and Suffering ultimately turns on whether force was applied in a Good-Faith effort to maintain or Restore discipline or Maliciously and Sadistically for the Very purpose of Causing Pain." (See : WHITLEY v. ALBERS, 475 U.C. 312 (1986)]. For an Offender to prove an excessive force Claim he must Satisfy not Only the SUBJECTIVE COMPONENT that the Correctional Officer acted with a Sufficiently Culpable State of Mind, but also the OBJECTIVE COMPONENT that his alleged injuries were Sufficiently Serious in Relation to the need for force to establish Constitutionally excessive force. (See : WILLIAMS v. BENJAMIN, 77 F.3d 756, 761 (4th Cir. 1996)].

The actions of Defendants : B. McGOWAN ; T. FULLER ; A. YATES ; and D. WILLIAMS, of Subjecting Plaintiff to the unnecessary and wanton infliction of Pain in using unreasonable excessive Physical force against the Plaintiff by attacking him with a Canine (AFTER giving himself up to be Restrained) while laying on his Stomach in a non-threatening position ; being Slobbered on his face outside of Bravo-Buildings Exit, and Punched in the face while en route to Medical then keeping him Strapped Down in 5-point-Restraints for approximately 8. hours (after his initial placement) were done Maliciously and Sadistically for the Very purpose of Causing pain while plaintiff either was fully Restrained, Compliant and/or was without-provocation. Defendants C. TAYLOR ; J. FLEMING ; J. JONES ; and J. LESTER, "knew or Should Have Reason," of Plaintiff's Abuse because they were either Present and witnessed these assaults and failed to endeavor to prevent the misuse of force, Report Such actions (Misuse of force or assault) or were Deliberate indifferent by failing to take Remedial actions, and Constitute Cruel and Unusual punishment, as Stated in paragraphs #14, through #17, of IV. STATEMENT OF FACTS, in Violation of the 8th Amendment of the UNITED STATES CONSTITUTION.

CLAIM-II : STATE LAW CLAIM ; ASSAULT (ASSAULT By Agent) :

25. The actions of Defendants : B. McGOWAN ; T. FULLER ; A. YATES ; and D. WILLIAMS, all employees of the Virginia Department of Corrections, and/or agents thereof, did Cause injuries to Plaintiff, Mr. Greg West #1337149, with assault and battery by : biting a Canine on the upper left leg of Plaintiff Causing Significant (Physical and Emotional) injuries ; Pulling his hair while in Bravo's Exit area, Slamming Plaintiff to the Ground (head-first) Causing injuries to his face (above my Right eye) and Punching Plaintiff in the face Three (3) times while en route to Medical or Until, without need or provocation as Stated in paragraphs #14 through #17, of IV. STATEMENT OF FACTS, in Violation of the Virginia STATE LAW TORT OF ASSAULT.

(CONTINUED ON NEXT PAGE)

(6)   (page : Six of : 8 )

Continued from: page Six

CLAIM-III: STATE LAW CLAIM: (WILLFUL AND WANTON) NEGLIGENCE:

26. The actions or inactions of ALL NAMED, Defendants, all employees of the Virginia Department of Corrections, agents thereof, were all willful and wantonly negligent in their duties of using only reasonable force necessary to Restrain and/or Transport Plaintiff, Mr. Gene Wells #1738749, to Medical from Bravo-Building, Recording (by hand-held Camera) the Transportation of Plaintiff from Bravo-Building to Medical (to be placed in 5-point Restraints) and/or Reporting any Misuse of force or assault and battery while en route to Medical on 2/17/21, without need or provocation Causing Significant (Physical and Psychological)(trauma) injuries, as Stated in paragraphs #14 through #17, of the STATEMENT OF FACTS, in Violation of the Virginia State Law Tort of WILLFUL and WANTON NEGLIGENCE.

27. The Plaintiff has no plain, adequate or Complete Remedy at Law to Redress the injuries wrongs described herein. Plaintiff has been and will Continue to be irreparably injured by the Conduct of the defendants unless this Court GRANTS the declaratory and injunctive Relief which Plaintiff Seeks.

## IV. PRAYER FOR RELIEF

Wherefore, Plaintiff Respectfully prays that this Court ENTERS JUDGMENT GRANTING, Plaintiff:

28. A declaratory that the acts and Omissions described herein Violated Plaintiff's Rights under the Institution and laws of the UNITED STATES.

29. NOMINAL DAMAGES in the amount of: $1.00 (One Dollar);

30. COMPENSATORY DAMAGES in the amount of: $100,000.00 (One Hundred Thousand Dollars); against each Defendant Jointly and Severally;

31. PUNITIVE DAMAGES in the amount of: $50,000.00 (Fifty Thousand Dollars) against each defendant;

32. A Jury trial on all issues triable by Jury;

33. Plaintiff's Cost in this Suit;

34. Any additional Relief this Court deems Just, Proper, and equitable.

Dated: 11/1/21

Gene Wells #1738749
Respectfully Submitted

## VERIFICATION

I have Read the above and hereby Verify that the matters alleged herein are True and Correct, based on personal knowledge and I'm Competent to Testify to these facts at Trial. under Penalty of perjury in accordance with 28 USC 1746.

Gene Wells #1738749
Respectfully Submitted

(7)
(page: Seven of: 8)

(CONTINUES ON NEXT PAGE)

*42 USC § 1983; COMPLAINT (REVISED)*
*Continued from; pre : Seven*

CERTIFICATE OF SERVICE

I hereby certify that on this ___3 rd___ day of NOVEMBER 20023, I mailed the foregoing: 42 USC § 1983, COMPLAINT (REVISED) w/ DOCUMENT ATTACHMENTS ; to Defendants : UNITED STATES DISTRICT COURT CLERK ; 210 Franklin Road, S.W. Suite -540, Roanoke, Virginia 24011 - 2208, by First Class mail.

Maurice Well #1133747
Respectfully Submitted

(1-Page) Item List & Exhibits :

#1. Anatomical Figure Sheet of G. Well # 1133747, dated: 2/17/21

#2. Injury Report, dated: 2/11/21

#3. Regular Request form to Grievance Coordinator of W.R.S.P., dated: 3/17/21

#4(a) Informal Complaint # RSP-21-INF-00141, dated: 2/29/21

(b) Initial Regular Grievance, dated 3/28/21 (front-side)

(c) Back-side of Grievance (of #4(b))

(d) In-take appeal, dated: 4/5/21

#5(a) (Re-submitted) Regular Grievance, dated: 5/19/21

(b) Back-side of Grievance (of #5(a))

(c) In-take appeal, dated: 6/2/21

#6 (a) I.I.R. Officer Fuller
(b) I.I.R. Officer Yates
(c) I.I.R. Lt. Fleming
(d) I.I.R. Sgt. Taylor
(e) I.I.R. Sgt. Jones
(f) I.I.R. Officer Lester

(8) (page. Eight of : 8)

MR GARY WALL #1133149
C/O WALLEN'S RIDGE STATE PRISON
POST OFFICE BOX 759
BIG STONE GAP, VIRGINIA 24219



US POSTAGE PITNEY BOWES

ZIP 24219 $ 002.31⁰
02 7W
0008027035 NOV 06 2023

FIRST-CLASS

Received
Mailroom

NOV 06 2023

Wallens Ridge
State Prison

To: UNITED STATES DISTRICT COURT CLERK
(of the WESTERN DISTRICT of VIRGINIA)
210 FRANKLIN Road, S.W. Suite = 540
ROANOKE, VIRGINIA 24011 - 2208

NOT FOR ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ on State Prison

## ANATOMICAL FIGURE

### INITIAL ALL ENTRIES ON THIS FORM, SIGN AND DATE



| INMATE NAME: | | ID #: | RACE: | DOB: |
|---|---|---|---|---|
| G wall | | 1133749 | B | 4-7-75 |
| COMPLETED BY: | | TITLE: | DATE: | TIME: |
| P. Roty | | R-n | 2/11/21 | 8⁰⁰ p |

CMS 7165 REV 3/03

(D¹ō ATTACHES #1)

NOT FOR PUBLIC RELEASE

# DEPARTMENT OF CORRECTIONS
## ADULT INSTITUTIONAL SERVICES
### Inmate Accident/Injury Report Form

IR Report # (Cross Reference) _____

AIR Report # __21-074__

Institution/Unit __RDSP__    Date __2/11/21__

Inmate Name __G Wall__    Number __1130749__

Date of Accident/Injury __2/11/21__    Time __800__ A.M. / P.M.

Location __B-5__

Description of Accident/Injury __Inmate in altercation with correctional officer__

Accident/Injury in performance of duties?  Yes ☐  No ☒

Treatment rendered __assessed in medical, Inmate ⊥ eye Red, Blood noted on forehead above ® eye no injuries noted at this time. Laceration noted on ⊥ thigh by K-9, wound ® leg cleansed with normal saline and gauze dressing applied nurse performed, nurse notified c orders for tetnus inj tin and antibiotic__

X-Ray? Yes ☐ No ☒    Sutures? Yes ☐ No ☒    Medication? Yes ☐ No ☒

Type of Medication __na__

Hospitalized? Yes ☐ No ☒  Condition? __na__

Name/Location of hospital __na__

Attended by Physician ☐  Nurse ☒  Para-medic ☐  Other ☐

Post treatment required __flu c medical, Reported to L Jesse DP__

Witness(es) to accident/injury _____
Print Name & Title        Signature

Print Name & Title        Signature

For additional information/comments remarks please use other side of form

Report completed by __P. Koly Rn__    __P. Koly Rn__  __2-11-21__
Print Name & Title        Signature      Date

Send copy to:

CC: Watch Commander

(PN's attached #2)

VIRGINIA
DEPARTMENT OF CORRECTIONS

Offender Request 801_F3_7-12

# Offender Request

**DIRECTIONS**
1. Fill in your <u>Name, Number, Full Housing Assignment</u>
2. Please <u>Print</u> your request; <u>KEEP IT BRIEF</u>
3. Drop in the appropriate Mail Box

4. Requests may be returned unanswered if addressed to the wrong department or if duplicate requests are sent.

| YOUR LAST NAME | FIRST | MI | NUMBER | BLDG/CELL |
|---|---|---|---|---|
| Wall | G. | | 1133749 | MCB-17 |

| WORK ASSIGNMENT | ASSIGNED COUNSELOR | TODAY'S DATE |
|---|---|---|
| n/a | unknown | February 17th 2021 |

TO: ☐ Unit Manager  ☐ Medical  ☐ Personal Property  ☐ Law Library  ☐ Security
☐ Treatment  ☐ Mental Health  ☐ Education  ☐ Enterprise Shop  ☐ Accounting
☐ Chaplain  ☐ Assistant Warden  ☐ Warden  ☒ Other  *Grievance Coordinator of W.W.S.P.*

CHECK PURPOSE  ☐ Appointment Request  ☐ Question/Statement

I'm writing to Request Four (4) Informal Complaint Forms to address issues at another facility. Since I am in MEDICAL I have been unable to get a Supervisor to provide these forms upon Request. So I am writing your office to begin the Grievance process before the time period ~~frames~~ Expires.

Thank you Kindly

---

◄ **DO NOT ATTACH ADDITIONAL PAGES; DO NOT WRITE BELOW THIS LINE** ►

## RESPONSE

Request sent to correct department ☐ Yes ☐ No; Routed to: _____ Date: _____

Attached

Offender seen ☐ Yes ☐ No

_Ramsey_
**Official Responding**

2-19-21
**Date of Response**

*(PI's Attached #3)*

Revision Date: 7/16/12



VIRGINIA
DEPARTMENT OF CORRECTIONS

Informal Complaint 866_F3_4-17

## Informal Complaint

**INSTRUCTIONS FOR FILING:** Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint.

**An Informal Complaint is not required for an alleged incident of sexual abuse.**

Offender Name: _Will, G_

Offender Number: _1133149_

Housing Assignment: _D115 / MED #7 (Connors Ridge State Prison)_

Individuals Involved in Incident: _SGT Peters; Crime Unit Officer; Sgt. Taylor; H.J. Fleming; Sgt. Williams; and Warren White_

Date/Time of Incident: _2/19/2021 approx. 7:30 PM until Transferred on 2/19/2021_

☐ Unit Manager/Supervisor    ☐ Food Service    ☐ Institutional Program Manager
☐ Personal Property    ☐ Commissary    ☐ Mailroom
☐ Medical Administrator    ☒ Other (Please Specify): _Warren White; Warren Office (Intel)_

Briefly explain the nature of your complaint (be specific):

_I'm writing to Request "Specific Video footage" Saved for future litigation purposes. After I was attacked without provocation by Sgt. E. Peters; his Crime Unit while laying on my Stomach and Repeatedly un-authorized while being Called a "Nigger" by R.O.S.P. Staff while en Route to Medical from B-Building on 2/19/2021, Upon Stripped Down for approx. 12 hours: BRAVO-300 pod; "Fish Eye" Camera footage at approx. 7:40 pu until 8:15 pm; BRAVO #546, Vestibule Camera footage at approx. 7:40 pu until 8:15 pu; Bravo 4-526, Entry Way Camera footage at approx. 7:40 pu until 8:15 pm; BRAVO Bereaves: Camera footage at approx. 7:40 pu until 8:15 (en Route to Medical) and the SGT W Hand held Camera footage en Route to Medical from B-Building. All on 2/19/2021, in accordance with 020.1, Evidence Collection & Preservation..._

Offender Signature: _Gary Will #1133149_    Date: _February 20th, 2021_

**Offenders – Do Not Write Below This Line**    _ROSP-21-INF_

Date Received: _3-10-21_

Response Due: _3-25-21_    Assigned to: _INTEL_

Tracking #: ~~WRSP-21-INF~~ _00441_

Action Taken/Response:

_VIDEOS HAVE BEEN SAVED_

WESTERN REGION Received MAY -5 2021 VADOC OPERATIONS

RECEIVED BACK FROM
MAY 1 2 2021
REGIONAL OFFICE

RECEIVED JUN 04 2021 OMBUDSMAN SERVICE UNIT SOUTHERN REGION

RECEIVED MAR 2021 Grievance

Respondent Signature: _[signature]_

Printed Name and Title: _[signature]_

Date: _[signature]_

## WITHDRAWAL OF INFORMAL COMPLAINT:

I wish to voluntarily withdraw this Informal Complaint. I understand that by withdrawing this Informal Complaint, I will not receive a response nor will I be able to file any other Informal Complaint or Grievance to this issue.

RECEIVED BACK JUN 1 3 2021 REGIONAL OFFICE

Offender Signature: _____    Date: _____

Staff Witness Signature: _____    Date: _____

Revision Date: 4/28/17

_(PM's attached 44(a))_

VIRGINIA
DEPARTMENT OF CORRECTIONS

Regular Grievance 866_F1_4-17

## REGULAR GRIEVANCE

*"Forward to Red Onion State Prison In Accordance with 866.1"*        Log Number: _____

| Wall, G. | | 1133749 | Delta | 115 |
|---|---|---|---|---|
| **Last Name, First** | | **Number** | **Building** | **Cell/Bed Number** |
| C/O E. Walters; Canine Unit Officer; Sgt. Taylor; Lt. Fleming; Sgt. Williams & Warden | | 2/11/21  approx. 7:40 pm until Transfer on 2/12/21 | | |
| **Individuals Involved in Incident** | | **Date/ Time of Incident** | | |

**WHAT IS YOUR COMPLAINT?** (Provide information from the informal process: Attach Informal Complaint response or other documentation of informal process.) I'm writing to Request "Specific Video footage" to be Saved for future litigation purposes after I was attacked without provocation by C/O E. Walters; by a Canine Unit while laying on my Stomach and Repeatedly assaulted while being called a "Nigger" by R.O.S.P. Staff while en route to Medical from B-building on 2/11/21, then Strapped down for approx. 18 hours. BRAVO-500 pod's Rapid-Eye / fish-eye Camera footage of approx. 7:40 pm-8:15 pm; BRAVO-4,5 & 6's Vestibule Rapid-Eye Camera footage of approx. 7:40 pm-8:15 pm; BRAVO-4,5 & 6's Entryway Camera footage of approx. 7:40 pm-8:15 pm; BRAVO Boulevards Rapid Eye Camera footage of 7:40 pm-8:15 pm (en route to Medical from B-building) and the Sony hand held Camera footage en Route to Medical from B-Building all on 2/11/21, in accordance with OP-030.1; Evidence Collection & Preservation policy. Attached is the necessary Informal Complaint #00441, for process and to exhaust All available Remedies Concerning this attack/assault in accordance with OP-866.1.

*[stamp:]* WESTERN REGION Received MAY - 5 2021 VADOC OPERATIONS

**What action do you want taken?** Appropriate Disciplinary actions taken against the individuals involved Compensatory Damage in the amount of: $100,000°°, for injuries and All the Requested Rapid-Eye Video footage of the February 11th, 2021, incident of this attack to be Saved for future litigation case on Digital file in accordance with OP-030.1: Evidence Collection & Preservation policy.        * Attached to Regular Grievance w/ Informal Complaint #00441, and Certificate of Service/Declaration in Support, for process and Proof of mailing

**Grievant's Signature:** _Gary Wall_ # 1133749        **Date:** ~~RECEIVED~~ May 4th 2021

**Warden/Superintendent's Office:** _____        ~~BACK FROM~~

**Date Received:** _____        MAY 1 2 2021  (It's attached #4(b))



VIRGINIA
DEPARTMENT OF CORRECTIONS

**Regular Grievance** 866_F1_4-17

**INSTRUCTIONS FOR FILING:** You are required per Operating Procedure 866.1 *Offender Grievance Procedure* to attempt to resolve your complaint in good faith prior to filing a regular grievance. You must submit your grievance within 30 days from the date of occurrence or discovery of incident. Only one issue per grievance will be addressed. Write your issue only in the space provided on the grievance form, preferably in ink. Regular grievances are submitted through the institutional mail to the facility Grievance Office and a receipt issued within 2 working days from received date if the grievance is not returned during intake.

| **INTAKE:** Grievances should be accepted for logging unless returned for the following reason(s): | |
|---|---|
| ☐ | Non-Grievable. This issue has been defined as non-grievable in accordance with Operating Procedure 866.1. <br> ☐ Disciplinary Procedure. You may appeal hearing decisions, penalties, and/or procedural errors under the provisions in Operating Procedure 861.1, *Offender Discipline*. <br> ☐ Matters beyond the control of the Department of Corrections |
| ☐ | Does not affect you personally (This issue did not cause you personal loss or harm) |
| ☐ | Limited. You have been limited by the Warden/Superintendent |
| ☐ | More than one issue – resubmit with only one issue |
| ☐ | Expired Filing Period. Grievances are to be filed within 30 calendar days from date of occurrence/incident, or discovery of the occurrence/incident except in instances: 1) beyond the offender's control or, 2) where a more restrictive time frame has been established in Operating Procedures to prevent loss of remedy or the issue from becoming moot. |
| ☐ | Repetitive. This issue has been grieved previously in Grievance # |
| ☐ | Inquiry on behalf of other offenders. |
| ☐ | Group Complaints or Petitions. Grievances are to be submitted by individuals. |
| ☐ | Vulgar/Insolent or Threatening Language. YOU MAY BE CHARGED IN ACCORDANCE WITH OPERATING PROCEDURE 861.1 *OFFENDER DISCIPLINE* |
| ☐ | Photocopy/Carbon Copy. You must submit the original grievance for responses and appeals. |
| ☐ | Grievances Filed Regarding Another Institution. This grievance is being returned to you for you to submit to: |
| ☐ | Informal Procedure. You have not used the informal process to <u>resolve</u> your complaint |
| ☒ | Request for services  *Per Lt. Stanley in Intel all videos has* |
| ☐ | Insufficient Information (Not to include Medical). You need to provide the following information to the Grievance Office within 5 days before the grievance can be processed: _____ *been saved* |
| ☐ | The issue in the grievance is different from the issue in the informal complaint |

Institutional Ombudsman/Grievance Coordinator: *C M Leach*    Date: *03/29/2021*    RECEIVED MAR 29 2021

**If you disagree with this decision, you have 5 calendar days from date of receipt to submit to the Regional Ombudsman for a review of the intake decision. The Regional Ombudsman's decision is final.**

| Regional Review of Intake (within 5 working days of receipt) | |
|---|---|
| ☒ | The intake decision is being upheld in accordance with Operating Procedure 866.1 *Offender Grievance Procedure*. |
| ☐ | The intake decision is being returned to you because the 5 day time limit for review has been exceeded. |
| ☐ | The grievance meets the criteria for intake and is being returned to the Warden/Superintendent for logging. |

Regional Ombudsman: *K Padwick*    Date: *05/05/2021*

**WITHDRAWAL OF GRIEVANCE:** I wish to voluntarily withdraw this grievance. I understand that by withdrawing this grievance, there will be no further action on this issue nor will I be able to file any other grievance in the future on this issue.

Offender Signature: _____    Date: _____

Staff Witness: _____    Date: *(M is attached* 4(e))*

2 of 2    Revision Date: 4/28/17



VIRGINIA
DEPARTMENT OF CORRECTIONS

Regular Grievance 866_F1_4-17

**INSTRUCTIONS FOR FILING:** You are required per Operating Procedure 866.1 *Offender Grievance Procedure* to attempt to resolve your complaint in good faith prior to filing a regular grievance. You must submit your grievance within 30 days from the date of occurrence or discovery of incident. Only one issue per grievance will be addressed. Write your issue only in the space provided on the grievance form, preferably in ink. Regular grievances are submitted through the institutional mail to the facility Grievance Office and a receipt issued within 2 working days from received date if the grievance is not returned during intake.

**INTAKE:** Grievances should be accepted for logging unless returned for the following reason(s):

| | |
|---|---|
| ☐ | Non-Grievable. This issue has been defined as non-grievable in accordance with Operating Procedure 866.1.<br>☐ Disciplinary Procedure. You may appeal hearing decisions, penalties, and/or procedural errors under the provisions in Operating Procedure 861.1, *Offender Discipline*.<br>☐ Matters beyond the control of the Department of Corrections |
| ☐ | Does not affect you personally (This issue did not cause you personal loss or harm) |
| ☐ | Limited. You have been limited by the Warden/Superintendent |
| ☐ | More than one issue – resubmit with only one issue |
| ☐ | Expired Filing Period. Grievances are to be filed within 30 calendar days from date of occurrence/incident, or discovery of the occurrence/incident except in instances: 1) beyond the offender's control or, 2) where a more restrictive time frame has been established in Operating Procedures to prevent loss of remedy or the issue from becoming moot. |
| ☐ | Repetitive. This issue has been grieved previously in Grievance # |
| ☐ | Inquiry on behalf of other offenders. |
| ☐ | Group Complaints or Petitions. Grievances are to be submitted by individuals. |
| ☐ | Vulgar/Insolent or Threatening Language. YOU MAY BE CHARGED IN ACCORDANCE WITH OPERATING PROCEDURE 861.1 *OFFENDER DISCIPLINE* |
| ☐ | Photocopy/Carbon Copy. You must submit the original grievance for responses and appeals. |
| ☐ | Grievances Filed Regarding Another Institution. This grievance is being returned to you for you to submit to: |
| ☐ | Informal Procedure. You have not used the informal process to <u>resolve</u> your complaint |
| ☒ | Request for services *Per Lt. Stanley in Intel all vidws has* |
| ☐ | Insufficient Information (Not to include Medical). You need to provide the following information to the Grievance Office within 5 days before the grievance can be processed: _____ *been saved* |
| ☐ | The issue in the grievance is different from the issue in the informal complaint |

Institutional Ombudsman/Grievance Coordinator: *C M Meade*        Date: *03/29/2021*

[RECEIVED MAR 29 2021 stamp]

If you disagree with this decision, you have 5 calendar days from date of receipt to submit to the Regional Ombudsman for a review of the intake decision. The Regional Ombudsman's decision is final.

| Regional Review of Intake (within 5 working days of receipt) | |
|---|---|
| ☒ | The intake decision is being upheld in accordance with Operating Procedure 866.1 *Offender Grievance Procedure*. |
| ☐ | The intake decision is being returned to you because the 5 day time limit for review has been exceeded. |
| ☐ | The grievance meets the criteria for intake and is being returned to the Warden/Superintendent for logging. |

Regional Ombudsman: *K Aldrich*        Date: *05/05/2021*

**WITHDRAWAL OF GRIEVANCE:** I wish to voluntarily withdraw this grievance. I understand that by withdrawing this grievance, there will be no further action on this issue nor will I be able to file any other grievance in the future on this issue.

Offender Signature: _____        Date: _____

Staff Witness: _____        Date: *(Pls attached 4/6)*

2 of 2        Revision Date: 4/28/17



VIRGINIA
DEPARTMENT OF CORRECTIONS

Regular Grievance 866_F1_4-17

# REGULAR GRIEVANCE

*"FORWARD TO RED ONION STATE PRISON IN ACCORDANCE WITH 866.1"*    Log Number: _____

| Wall, G. | 1153749 | ROSP | 115 |
|---|---|---|---|
| **Last Name, First** | **Number** | **Building** | **Cell/Bed Number** |

Yo E. Walters; Canine Unit officer; Sgt. Taylor; Lt. Fleming; Sgt. Williams; & Warden    |    2/11/21    Approx. 7:43 pm. until Transfer on 2/12/21

**Individuals Involved in Incident**    **Date/ Time of Incident**

**WHAT IS YOUR COMPLAINT?** (Provide information from the informal process: Attach Informal Complaint response or other documentation of informal process.) _I'm writing to Request "Specific Video footage," be Saved for future litigation purposes after I was attacked without provocation by Yo E. Walters; by a Canine Unit while laying on my Stomach and Repeatedly assaulted while being Called a "NIGGER," by R.O.S.P. Staff while en route to MEDICAL from B-Building on 2/11/21, then Stepped-down for approx. 18 hours; BRAVO-500 pod's Rapid-Eye/Full-Eye Camera footage at approx. 7:40 pm - 8:15 pm; BRAVO-4,5, & 6's Vestibule Rapid-Eye Camera footage at approx. 7:40 pm - 8:15 pm; BRAVO-4,5, & 6's Entryway Camera footage at approx. 7:40 pm - 8:15 pm; Bravo Boluevards Rapid-Eye Camera footage at 7:40 pm - 8:15 pm (en route to Medical from B-Building) and the Sony hand held Camera footage en Route to MEDICAL from B-Building all on 2/11/21, in accordance with OP-030.1; Evidence Collection & Preservation policy. Attached is the necessary Informal Complaint #00441, for process and to exhaust All available Remedies Concerning this attack/assault in accordance with OP-866.1._

[WESTERN REGION Received MAY - 5 2021 VADOC OPERATIONS stamp]

**What action do you want taken?** _Appropriate Disciplinary actions taken against the Individuals involved Compensatory Damages in the amount of: $100,000.00, for injuries and All the Requested Rapid-Eye Video footage of the February 11th, 2021, incident of this attack to be Saved for future litigation use on Digital file in accordance with OP-030.1; Evidence Collection & Preservation policy._    *Attached to Regular Grievance 4 Informal Complaint #00441, and Certificate of Service/Declaration in Support, for process and Proof of Mailing*

**Grievant's Signature:** _Gary Wall # 1153749_    **Date:** RECEIVED _April 20th 2021_

**Warden/Superintendent's Office:** _____    ~~BACK FROM~~

**Date Received:** _____    MAY 1 2 2021 (It's attached #4(b))

Henry Wolf #1733744
% Wallens Ridge State Prison
Post Office Box 759
Big Stone Gap, Virginia 24219

To: Regional Administrator
(Western Regional Grievance Coordinator)
5427 Peters Creek Road, Suite-350
Roanoke, Virginia 24019                          dated: April 5th 2021

In Re: "In-Take" Appeal Decision of attached Grievance.

Regional Ombudsman;

I base my appeal on my Grievance is NOT a Request for Services as alleged. In accordance with OP-866.1 III C #6 (4); "Staff must bring Any Grievance alleging physical Assault... to the attention of the Facility Unit Head immediately upon Receipt," which was Clearly NOT Done and Since my issue occured at another facility (R.O.S.P.) this "Unidentified Person is in Violation of OP-866.1 III B #7; which, Clearly indicates my Grievance should have been Sent to R.O.S.P for, process" which was Not done either. Therefore, my Grievance should be Sent to R.O.S.P. for process to Exhaust All available Non Administrative Remedies Concerning this issue

(Attached is the Grievance)

RECEIVED
BACK FROM
MAY 1 2 2021
REGIONAL OFFICE

WESTERN REGION
Received
MAY - 5 2021
VADOC
OPERATIONS

Henry Wolf #1733744
Respectfully Submitted

CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of April 2021, I mailed a Copy of the foregoing: In-Take Appeal Decision of Grievance: To Reynolds; Regional Grievance 5427 Peters Creek Road, Suite-350; Roanoke Virginia 24019, by institutional BULK Mail.

(As attached #(4))            Henry Wolf #1733744
                              Respectfully Submitted

VIRGINIA
**DEPARTMENT OF CORRECTIONS**

Regular Grievance 866_F1_1-13

# REGULAR GRIEVANCE

*Forward to Red Onion State Prison in Accordance with 866.1*

Log Number: _____

| Last Name | First | Number | Building | Cell/Bed Number |
|---|---|---|---|---|
| *Wise* | *G.* | *1133749* | *DELTA* | *D-502* |

**WHAT IS YOUR COMPLAINT?** (Provide information from the informal process: Attach Informal Complaint response or other documentation of informal process.) *Review after Receiving the Regional Ombudsmans May 5th 2021, Decision to up-hold the initial Grievance process because it was "a Request for Services", on May 14th 2021, I am Re-submitting this Grievance for process as follows:*

*On 2/11/21, I was assaulted without provocation by C/O K. Winters after being Summoned to the Vestibule area of Bravo 4,5,&6 side then attacked by a Course Unit while laying on my Stomach and Repeatedly assaulted while being Called "a Nigger", by R.O.S.P. Staff while en Route to Medical from Bravo Building at approximately 7:40 p.m., then Strapped Down in Five Point Restraints for approximately 12 hours. Attached is the necessary Informal Complaint # 00441, for process and to Exhaust all available Remedies Concerning this attack/assault in accordance with Operating Procedure 866.1*

**What action do you want taken?** *Appropriate Disciplinary actions taken against all individuals involved, Compensatory Damages in the amount of $100,000.00, for the injuries Sustained and all the Requested Rapid-Eye Video Camera footage of the February 11th 2021, incident of this assault/attack to be Saved for future litigations use on Digital file in accordance with O.P.'s Evidence Collection/Preservation.*

*RECEIVED*

JUN 0 ? 2021

OMBUDSMAN SERVICE UNIT
WESTERN REGION

**Grievant's Signature:** *Greg Wise #1133749*    **Date:** _____

WESTERN SERVICE UNIT

**Warden/Superintendent's Office:** _____

*RECEIVED
BACK FROM*

**Date Received:** _____

JUN 14 2021

REGIONAL

*+ Attached to Grievance & Informal Complaint #00441, and Certificate of Service / Declaration In Support, for process and as proof of mailing*

1 of 2

Revision Date: 1/14/13

*(PI's Attached # 5(2))*



**VIRGINIA**
**DEPARTMENT OF CORRECTIONS**

**Regular Grievance** 866 FT 1-13

**INSTRUCTIONS FOR FILING:** You are required per Operating Procedure 866.1 *Offender Grievance Procedure* to attempt to resolve your complaint in good faith prior to filing a regular grievance. You must submit your grievance within 30 days from the date of occurrence or discovery of incident. Only one issue per grievance will be addressed. Write your issue only in the space provided on the grievance form, preferably in ink. Regular grievances are submitted through the institutional mail to the Warden/Superintendent's office and a receipt issued within 2 working days from received date if the grievance is not returned during intake.

**INTAKE:** Grievances should be accepted for logging unless returned for the following reason(s):

| | |
|---|---|
| ☐ | Non-Grievable. This issue has been defined as non-grievable in accordance with Operating Procedure 866.1. <br> ☐ Disciplinary Procedure. You may appeal hearing decisions, penalties, and/or procedural errors under the provisions in Operating Procedure 861.1, *Offender Discipline*. <br> ☐ Matters beyond the control of the Department of Corrections |
| ☐ | Does not affect you personally (This issue did not cause you personal loss or harm) |
| ☐ | Limited. You have been limited by the Warden/Superintendent |
| ☐ | More than one issue – resubmit with only one issue |
| ☒ | Expired Filing Period. Grievances are to be filed within 30 calendar days from date of occurrence/incident, or discovery of the occurrence/incident except in instances: 1) beyond the offender's control or, 2) where a more restrictive time frame has been established in Operating Procedures to prevent loss of remedy or the issue from becoming moot. *RE: 02/11/2021* |
| ☐ | Repetitive. This issue has been grieved previously in Grievance # |
| ☐ | Inquiry on behalf of other offenders. |
| ☐ | Group Complaints or Petitions. Grievances are to be submitted by individuals. |
| ☐ | Vulgar/Insolent or Threatening Language. YOU MAY BE CHARGED IN ACCORDANCE WITH OPERATING PROCEDURE 861.1 *OFFENDER DISCIPLINE* |
| ☐ | Photocopy/Carbon Copy. You must submit the original grievance for responses and appeals. |
| ☐ | Grievances Filed Regarding Another Institution. This grievance is being returned to you for you to submit to: |
| ☐ | Informal Procedure. You have not used the informal process to resolve your complaint |
| ☐ | Request for services |
| ☐ | Insufficient Information. You need to provide the following information to the Grievance Office within 5 days before the grievance can be processed: |
| ☐ | The issue in the grievance is different from the issue in the informal complaint |

Institutional Ombudsman/Grievance Coordinator: *C. Meade*    Date: *05/25/2021*

If you disagree with this decision, you have 5 calendar days from date of receipt to submit to the Regional Ombudsman for a review of the Intake decision. The Regional Ombudsman's decision is final.

Regional Review of Intake (within 5 working days of receipt)

| | |
|---|---|
| ☒ | The intake decision is being upheld in accordance with Operating Procedure 866.1 *Offender Grievance Procedure*. |
| ☐ | The intake decision is being returned to you because the 5 day time limit for review has been exceeded. |
| ☐ | The grievance meets the criteria for intake and is being returned to the Warden/Superintendent for logging. |

RECEIVED

Regional Ombudsman: _____    Date: *6 [illegible] 2021*

OMBUDSMAN SERVICE UNIT
WESTERN REGION

**WITHDRAWAL OF GRIEVANCE:** I wish to voluntarily withdraw this grievance. I understand that by withdrawing this grievance, there will be no further action on this issue nor will I be able to file any other grievance in the future on this issue.

Offender Signature: _____    Date: _____

Staff Witness: _____    Date: _____

Revision Date: 1/14/13

2 of 2    *(PT's ATTACHED #5(b))*



**VIRGINIA**
**DEPARTMENT OF CORRECTIONS**

Regular Grievance 866_F1_1-13

**INSTRUCTIONS FOR FILING**: You are required per Operating Procedure 866.1 *Offender Grievance Procedure* to attempt to resolve your complaint in good faith prior to filing a regular grievance. You must submit your grievance within 30 days from the date of occurrence or discovery of incident. Only one issue per grievance will be addressed. Write your issue only in the space provided on the grievance form, preferably in ink. Regular grievances are submitted through the institutional mail to the Warden/Superintendent's office and a receipt issued within 2 working days from received date if the grievance is not returned during intake.

**INTAKE**: Grievances should be accepted for logging unless returned for the following reason(s):

| | |
|---|---|
| ☐ | Non-Grievable. This issue has been defined as non-grievable in accordance with Operating Procedure 866.1. <br> ☐ Disciplinary Procedure. You may appeal hearing decisions, penalties, and/or procedural errors under the provisions in Operating Procedure 861.1, *Offender Discipline*. <br> ☐ Matters beyond the control of the Department of Corrections |
| ☐ | Does not affect you personally (This issue did not cause you personal loss or harm) |
| ☐ | Limited. You have been limited by the Warden/Superintendent |
| ☐ | More than one issue – resubmit with only one issue |
| ☑ | Expired Filing Period. Grievances are to be filed within 30 calendar days from date of occurrence/incident, or discovery of the occurrence/incident except in instances: 1) beyond the offender's control or, 2) where a more restrictive time frame has been established in Operating Procedures to prevent loss of remedy or the issue from becoming moot. *RE: 02/11/2021* |
| ☐ | Repetitive. This issue has been grieved previously in Grievance # |
| ☐ | Inquiry on behalf of other offenders. |
| ☐ | Group Complaints or Petitions. Grievances are to be submitted by individuals. |
| ☐ | Vulgar/Insolent or Threatening Language. YOU MAY BE CHARGED IN ACCORDANCE WITH OPERATING PROCEDURE 861.1 *OFFENDER DISCIPLINE* |
| ☐ | Photocopy/Carbon Copy. You must submit the original grievance for responses and appeals. |
| ☐ | Grievances Filed Regarding Another Institution. This grievance is being returned to you for you to submit to: |
| ☐ | Informal Procedure. You have not used the informal process to resolve your complaint |
| ☐ | Request for services |
| ☐ | Insufficient Information. You need to provide the following information to the Grievance Office within 5 days before the grievance can be processed: |
| ☐ | The issue in the grievance is different from the issue in the informal complaint |

Institutional Ombudsman/Grievance Coordinator: *C. Meade*     Date: *05/25/2021*

If you disagree with this decision, you have 5 calendar days from date of receipt to submit to the Regional Ombudsman for a review of the intake decision. The Regional Ombudsman's decision is final.

Regional Review of Intake (within 5 working days of receipt)

| | |
|---|---|
| ☑ | The intake decision is being upheld in accordance with Operating Procedure 866.1 *Offender Grievance Procedure*. |
| ☐ | The intake decision is being returned to you because the 5 day time limit for review has been exceeded. |
| ☐ | The grievance meets the criteria for intake and is being returned to the Warden/Superintendent for logging. |

Regional Ombudsman: _____     Date: *6 [illegible] 2021*

**OMBUDSMAN SERVICE UNIT**
**WESTERN REGION**

**WITHDRAWAL OF GRIEVANCE**: I wish to voluntarily withdraw this grievance. I understand that by withdrawing this grievance there will be no further action on this issue nor will I be able to file any other grievance in the future on this issue.

Offender Signature: _____     Date: _____

Staff Witness: _____     Date: _____

2 of 2

*(PL's ATTACHED #5(b))*

Revision Date: 1/14/13

**VIRGINIA**
**DEPARTMENT OF CORRECTIONS**

Regular Grievance 866_F1-1-13

## REGULAR GRIEVANCE

Forward to Red Onion State Prison in accordance with 866.1

Log Number: _____

| Last Name | First | Number | Building | Cell/Bed Number |
|---|---|---|---|---|
| new | G. | 1133749 | DELTA | D-502 |

**WHAT IS YOUR COMPLAINT?** (Provide information from the informal process: Attach Informal Complaint response or other documentation of informal process.)

After Receiving the Regional Ombudsmans May 5th 2021, decision to up-hold the initial Grievances process because it was "a Request for Services", on May 14th 2021, I am Re-submitting this Grievance for process as follows:

On 2/11/21, I was assaulted without provocation by C/O's & writers after being Summoned to the Vestibule area of Bravo 4,5,&6 side then attacked by a Course Unit while laying on my Stomach and Repeatedly assaulted while being called "a Nigger", by R.O.S.P. Staff while en route to Medical from Bravo Building at approximately 7:40 p.m. they Strapped down in five point Restraint's for approximately 12 hours. Attached is the necessary Informal Complaint #00441, for process and to Exhaust all available Remedies Concerning this attack/assault in accordance with Operating Procedure 9/66.1

**What action do you want taken?** Appropriate Disciplinary actions taken against all individuals involved, Compensatory Damages in the amount of $100,000.00, for the injuries Sustained and all the Requested Rapid-Eye Video Camera footage of the February 11th 2021, incident of this assault/attack to be Saved for future litigations use on Digital file in accordance with ORS1, Evidence Collection.

**RECEIVED**

JUN 0 9 2021

**SERVICE UNIT**
**WESTERN REGION**

Grievant's Signature: _____ #1133749

Date: _____

**RECEIVED**
**BACK FROM**

JUN 14 2021

REGI...

Warden/Superintendent's Office: _____

Date Received: _____

* Attached to Grievance & Informal Complaint #00441, and Certificate of Service/Declaration In Support, for process and as proof of mailing

1 of 2

Revision Date: 1/14/13

(PI's Attached #5(2))

Wallens Ridge State Prison
Post Office Box 759
Big Stone Gap, Virginia 24219

To: Regional Administrator
(WESTERN REGIONAL Ombudsman)
5427 Plantation Road, N.E.
Roanoke, Virginia 24012

dated: June 2nd 2021

IN RE: IN-TAKE DECISION APPEAL TO GRIEVANCE

Regional Ombudsman;

I base my appeal on "After my initial Grievance was Deemed a Request for Service," I immediately appealed the In-take decision. On or about May 14th 2021, I Received the Ombudsman's Response up-holding the initial Decision Therefore, In an effort to Exhaust All available Remedies, I Submitted Another Grievance for process (See attached) indicating "Expired Time Period," but this time was or Should've been tolled towards the initial Grievances' appeal process (Concerning In-take) So this Grievance Should be processed to Exhaust All available Administrative Remedies Concerning my Being assaulted/attacked by an Officer and a Canine on February 11th 2021.

RECEIVED
BACK FROM

JUN 14 2021

REGIONAL OFFICE

RECEIVED

JUN 09 2021

OMBUDSMAN SERVICE UNIT
WESTERN REGION

Henry Wolf #1133749

Respectfully Submitted

CERTIFICATE OF SERVICE

I hereby Certify that Honoring this 2nd day of June 2021, a copy of the foregoing: In-take appeal to Grievance Decision; to Responded By: Regional Administrator (WESTERN Regional Ombudsman) 5427 Plantation Road, N.E. Roanoke, Virginia 24012, by Institutional Bulk-Mail.

(PI's Attached #5(a))

NOT FOR RELEASE

VIRGINIA DEPARTMENT ~ CORRECTIONS

**Internal Incident Report**

038.1                          210097 - Red Onion State Prison

DOC Location: C00 Central Office, Administration

Report generated by Henderson, R

Report run on 02/16/2021 at 01:42 PM

| Internal Incident Number: | Date/Time of Incident: | DOC Location: | | |
|---|---|---|---|---|
| IIR-ROSP-2021-000295 | February 11, 2021 @ 07:56 PM | Red Onion State Prison | | |
| **Reporting Staff:** | Fuller, Tyler D | **Title/Shift:** | Correction Officer, B Break, Night | |
| **Date Reported:** | 02/11/2021 | **Time:** | 10:02 PM | |
| **Offenders Involved:** | 1133749 | Wall, Gary L. | | B-5-PBU-517-B |
| **Staff Involved:** | | | | |
| **Visitors Involved:** | | **Others Involved:** | | |
| **Type of Incident:** | Serious assault on an employee, volunteer, or visitor | | | |
| **Location of Incident:** | GP Dayroom – B-5-PBU | | | |
| **Gang Related:** | No | **Confidential:** No | | **PREA:** No |

**Description of Incident:**

On Thursday, February 11th, 2020 at approximately 7:56PM I officer Fuller responded to a 10-33 (offender on officer) called in B-5, upon arrival I observed offender G.Wall (#1133749) being very combative and threating staff. I then assisted by escorting offender G.Wall. offender Wall was being very disruptive and resisting staff and was placed on the ground to regain control of the offender in front of B456 door at that point I officer Fuller was then relieved by Sgt.Jones to escort offender Wall to medical. No injury to myself. End of report

**Notifications:**

| Name: | Title: | Date/Time Notified: |
|---|---|---|
| | | |

| **Approved By:** | Fleming, Jordan T | **Title:** | Lieutenant |
|---|---|---|---|
| **Action Taken:** | Approved | **Review Date:** | 02/11/2021 |
| **Investigation:** | No | **Assigned to:** | |
| **Comments:** | | | |

(PPS. ATTACHED #6691)

NOT ~~RELEASE~~

**VIRGINIA DEPARTMENT ~~CORRECTIONS~~** 038.1

210097 - Red Onion State Prison

## Internal Incident Report

DOC Location: C00 Central Office, Administration

Report generated by Henderson, R

Report run on 02/16/2021 at 01:57 PM

| Internal Incident Number: | Date/Time of Incident: | DOC Location: | |
|---|---|---|---|
| IIR-ROSP-2021-000304 | February 11, 2021 @ 07:56 PM | Red Onion State Prison | |
| **Reporting Staff:** | Yates, Alfred L | **Title/Shift:** | Correction Officer, B Break, Night |
| **Date Reported:** | 02/12/2021 | **Time:** | 03:52 AM |
| **Offenders Involved:** | 1133749 | Wall, Gary L | **B-5-PBU-517-B** |
| **Staff Involved:** | | | |
| **Visitors Involved:** | | **Others Involved:** | |
| **Type of Incident:** | Serious assault on an employee, volunteer, or visitor | | |
| **Location of Incident:** | GP Dayroom - B-5-PBU | | |
| **Gang Related:** | No | **Confidential:** No | **PREA:** No |

**Description of Incident:**

On Thursday, February 11th, 2021 at approximately 7:56PM, I Officer A. Yates responded to a 10-33 in Bravo-5 Pod. Upon arrival I witnessed inmate G. Wall # 1133749 being very combative and threatening staff. I then assisted by escorting inmate Wall to medical. Inmate Wall then became combative and we placed him on the sidewalk to regain control. No injuries to myself. End of report.

**Notifications:**

| Name: | Title: | Date/Time Notified: |
|---|---|---|
| | | |

| **Approved By:** | Fleming, Jordan T | **Title:** | Lieutenant |
|---|---|---|---|
| **Action Taken:** | Approved | **Review Date:** 02/12/2021 | |
| **Investigation:** | No | **Assigned to:** | |
| **Comments:** | | | |

NOT FOR RELEASE

**VIRGINIA DEPARTMENT OF CORRECTIONS**

## Internal Incident Report

038.1                                    210097 - Red Onion State Prison

DOC Location: C00 Central Office, Administration

Report generated by Henderson, R

Report run on 02/16/2021 at 01:52 PM

| Internal Incident Number: | Date/Time of Incident: | DOC Location: | |
|---|---|---|---|
| IIR-ROSP-2021-000300 | February 11, 2021 @ 07:56 PM | Red Onion State Prison | |
| **Reporting Staff:** | Fleming, Jordan T | **Title/Shift:** | Lieutenant, B Break, Night |
| **Date Reported:** | 02/12/2021 | **Time:** | 12:14 AM |

**Offenders Involved:**

| Staff Involved: | Fleming, Jordan T | Lieutenant |
|---|---|---|

| Visitors Involved: | | Others Involved: | |
|---|---|---|---|

**Type of Incident:** Serious assault on an employee, volunteer, or visitor

Use of force; including physical force, electronic devices, chemical agents, canines (Institutions)

**Location of Incident:** Dormitory - B-5-PBU

| Gang Related: | No | Confidential: | No | PREA: | No |
|---|---|---|---|---|---|

**Description of Incident:**

On Thursday, February 11th, 2021 at approximately 7:55 pm, I Lieutenant J. Fleming responded to a 10-33 in B-4,5,6 vestibule, in which Officer Walters was assaulted by inmate G. Wall by repeatedly striking Walters several times in the facial area. Upon arriving to the housing unit, I Lieutenant Fleming observed inmate G. Wall #1133749 displaying combative behavior towards responding staff. Upon escorting the subject from the B-4,5,6 housing unit, Wall continued to be combative towards staff by attempting to pull away from the escorting officers. Wall was placed on the ground to maintain control of his turbulent behavior. Once compliance was gained, Inmate Wall was escorted to the Medical Department, where Wall was assessed by Nurse Kotay. I Lieutenant Fleming contacted Administrative Duty Officer Swiney and recommended the use of Five Point restraints, in which he approved. Inmate Wall was placed in Medical cell #2 in Five Point restraints.

**Notifications:**

| Name: | | Title: | | Date/Time Notified: |
|---|---|---|---|---|

| Approved By: | Swiney, Walter G | Title: | ADO | |
|---|---|---|---|---|
| **Action Taken:** | Approved | **Review Date:** | 02/12/2021 | |
| **Investigation:** | No | **Assigned to:** | | |
| **Comments:** | | | | |

VIRGINIA DEPARTMENT CORRECTIONS

**Internal Incident Report**

038.1                                210097 - Red Onion State Prison

DOC Location: C00 Central Office, Administration

Report generated by Henderson, R

Report run on 02/16/2021 at 01:56 PM

| Internal Incident Number: | Date/Time of Incident: | DOC Location: | | |
|---|---|---|---|---|
| IIR-ROSP-2021-000303 | February 11, 2021 @ 07:56 PM | Red Onion State Prison | | |
| **Reporting Staff:** | Taylor, Cody | **Title/Shift:** | Sergeant, B Break, Night | |
| **Date Reported:** | 02/12/2021 | **Time:** | 02:51 AM | |
| **Offenders Involved:** | 1133749 | Wall, Gary L | | B-5-PBU-517-B |
| **Staff Involved:** | | | | |
| **Visitors Involved:** | | | **Others Involved:** | |
| **Type of Incident:** | In-cell restraints (release from restraints should be reported as an Addendum) | | | |
| | Use of force; including physical force, electronic devices, chemical agents, canines (Institutions) | | | |
| **Location of Incident:** | GP Dayroom - B-5-PBU | | | |
| **Gang Related:** | No | **Confidential:** No | | **PREA:** No |

**Description of Incident:**

On Thursday February 11, 2021 at approximately 07:56 PM, I Sergeant C. Taylor responded to a 1033 in B456 vestibule where inmate G. Wall #1133749 was displaying combative behavior toward Officer E. Walters. Inmate Wall became aggressive towards Officer Walters and began resisting him it turned into a physical altercation on the ground. Inmate Wall struck Officer Walters in the facial area multiple times resulting in offsite medical treatment. Canine Officer B. McCowan responded to the incident and engaged his assigned Canine Shadow to the inmate's left upper thigh. The dog disengaged on command and inmate Wall was placed on the wall to maintain control and ensure safety of responding staff. A protective hood was utilized at that time to prevent inmate Wall from spitting on staff members. The inmate was fully restrained in the vestibule and then escorted to medical. Officers Fuller and Yates were escorting inmate wall when he became resistant lunging forward away from Officers. Wall was guided to the ground to regain control in front of B Building. Upon arriving in medical inmate Wall was placed in the triage area to be assessed by Nurse Kotay. Nurse Kotay cleaned the wound with saline solution received from the dog bite on his upper thigh area and then wrapped it with gauze. The following was noted: Left eye red, blood noted on forehead above offenders right eye no injuries noted at this time. Laceration noted on left thigh by K-9 wound left leg cleaned with normal saline solution and gauze dressing applied. At approximately 8:45 pm after assessment from Nurse Kotay inmate Wall was placed in Medical Cell 2 where myself Sergeant C. Taylor, Sergeant J. Jones, and Sergeant D. Williams and assisting staff placed inmate Wall in Clinical 5-Point Restraints video recorded by Officer Lester. Nurse Kotay was able to get 2 fingers under each extremity, and a palm under the chest strap without difficulty. At approximately 9:00 PM after placing Wall in Clinical 5-Point Restraints Medical Officer Ross Notified myself Sergeant C. Taylor and Sergeant J. Jones that inmate Wall had managed to free his left hand from the left restraint. I Sergeant C. Taylor, Sergeant J. Jones, and Officer Neeley entered Medical Cell 2 to re-apply the left restraint on inmate Wall's left hand. Officer Neeley placed the Nova-Shield over the inmate so I Sergeant C. Taylor and Sergeant J. Jones could operate in a safe manner. After re-applying the restraint to his left arm Nurse Kotay entered to check restraints for a second time. She was able to get 2 fingers under his left extremity.

| **Notifications:** | | | | |
|---|---|---|---|---|
| **Name:** | | **Title:** | | **Date/Time Notified:** |
| | | | | |
| **Approved By:** | Fleming, Jordan T | **Title:** | Lieutenant | |
| **Action Taken:** | Approved | **Review Date:** | 02/12/2021 | |
| **Investigation:** | No | **Assigned to:** | | |
| **Comments:** | | | | |

Page 1 of 1

**NOT FOR RELEASE** **VIRGINIA DEPARTMENT OF CORRECTIONS**

**Internal Incident Report**

038.1

210097 - Red Onion State Prison

DOC Location: C00 Central Office, Administration

Report generated by Henderson, R

Report run on 02/16/2021 at 01:59 PM

| Internal Incident Number: | Date/Time of Incident: | DOC Location: | | |
|---|---|---|---|---|
| IIR-ROSP-2021-000306 | February 11, 2021 @ 07:55 PM | Red Onion State Prison | | |
| **Reporting Staff:** | Jones, James T | **Title/Shift:** | Corrections Sergeant, B Break, Night | |
| **Date Reported:** | 02/12/2021 | **Time:** | 01:44 AM | |
| **Offenders Involved:** | | | | |
| **Staff Involved:** | Jones, James T | | **Corrections Sergeant** | |
| **Visitors Involved:** | | **Others Involved:** | | |
| **Type of Incident:** | In-cell restraints (release from restraints should be reported as an Addendum) | | | |
| | Serious assault on an employee, volunteer, or visitor | | | |
| **Location of Incident:** | GP Dayroom - B-5-PBU | | | |
| **Gang Related:** | No | **Confidential:** No | | **PREA:** No |

**Description of Incident:**

On Thursday, February 11th, 2021 at approximately 7:55 pm, I Sergeant Jones responded to a 10-33 in B-4,5,6 vestibule, in which Officer Walters was assaulted by inmate G. Wall by repeatedly striking Walters several times in the facial area. Upon arriving to the housing unit, I Sergeant Jones observed inmate G. Wall #1133749 displaying combative behavior towards responding staff. Upon escorting the subject from the B-4,5,6 housing unit, Wall continued to be combative towards staff by attempting to pull away from the escorting officers. Wall was placed on the ground to maintain control of his turbulent behavior. Once compliance was gained, I Sergeant Jones relived Officer T. Fuller and assisted Officer A. Yates on escorting Inmate Wall to the Medical Department, where Wall was assessed by Nurse Kotay. Lieutenant Fleming contacted Administrative Duty Officer Swiney and recommended the use of Five Point restraints, in which he approved. I Sergeant Jones was assisted by Sergeant C. Taylor, Sergeant D. Williams and Officer J. Turner on placing inmate G. Wall in Medical cell#2 in Five Point restraints without any further incidents. Inmate Wall was assessed by nurse Kotay and was able to place 2 fingers under each extremity and a palm under chest restraint.

At approximately 8:30 pm, Officer J. Ross notified myself that inmate Wall had pulled his left hand out of the restraint. I Sergeant Jones and Sergeant C. Taylor entered medical and observed inmate Wall had his left hand pulled out of his restraint. I Sergeant Jones and Sergeant Taylor and Officer Ross entered the cell to re-adjust the restraints without any further incident. Nurse Kotay assessed inmate Wall with the following noted: assessed inmate after re-adjustment of 5 point restraints, able to get 2 fingers under each extremity and a palm under chest restraint. No Injury's to myself End of report.

**Notifications:**

| Name: | Title: | Date/Time Notified: |
|---|---|---|
| | | |

| **Approved By:** | Fleming, Jordan T | **Title:** | Lieutenant | |
|---|---|---|---|---|
| **Action Taken:** | Approved | **Review Date:** | 02/12/2021 | |
| **Investigation:** | No | **Assigned to:** | | |
| **Comments:** | | | | |

Report Run On Monday, March 22, 2021  By S. Mawyer

VIRGINIA DEPARTMENT CORRECTIONS

**Internal Incident Report**

038.1                    210097 - Red Onion State Prison

DOC Location: C00 Central Office, Administration

Report generated by Henderson, R

Report run on 02/16/2021 at 01:51 PM

| Internal Incident Number: | Date/Time of Incident: | DOC Location: | | |
|---|---|---|---|---|
| IIR-ROSP-2021-000299 | February 11, 2021 @ 07:56 PM | Red Onion State Prison | | |
| **Reporting Staff:** | Lester, Jonathan C | **Title/Shift:** | | |
| **Date Reported:** | 02/11/2021 | **Time:** | 11:00 PM | |
| **Offenders Involved:** | 1133749 | Wall, Gary L | | B-5-PBU-517-B |
| **Staff Involved:** | | | | |
| **Visitors Involved:** | | **Others Involved:** | | |

**Type of Incident:**    Serious assault on an employee, volunteer, or visitor

**Location of Incident:**    GP Dayroom - B-5-PBU

| **Gang Related:** | No | **Confidential:** | No | **PREA:** | No |
|---|---|---|---|---|---|

**Description of Incident:**

On February the 11th, 2021 at approximately 7:56PM I officer Lester responded to a 10-33 located in B-5. Upon arriving to assist, I was ordered to locate a handheld camera and begin documentation. Once I received the handheld camera from B-1 control, I began documenting offender G. Wall (#1133749) being combative and threatening while being escorted from B-5 to medical cell #2. I stopped documenting once offender G. Wall was placed in 5 point restraints. I was not injured in this incident. End report.

**Notifications:**

| Name: | | Title: | | Date/Time Notified: |
|---|---|---|---|---|
| | | | | |

| **Approved By:** | Fleming, Jordan T | **Title:** | Lieutenant | |
|---|---|---|---|---|
| **Action Taken:** | Approved | **Review Date:** | 02/12/2021 | |
| **Investigation:** | No | **Assigned to:** | | |
| **Comments:** | | | | |

Monday, March 22, 2021  By S. Mawyer

IN THE UNITED STATES DISTRICT COURT of the WESTERN DISTRICT of VIRGINIA:

Name: Mr Gary Wall

Number: 1137019

Place of Confinement: WALLEN'S Ridge STATE PRISON,
POST Office Box 759, BIG STONE GAP, VIRGINIA 24219

Dated: November 1st 2023

Mr. Gary Wall # 1137019
Plaintiff

Civil complaint action no. 7:23-cv-00331

v.

Brian M'Cowan; Canine Unit Director of R.O.S.P.; et alii;
defendant(s)

IN RE: OBTAINING a DOCKET SHEET IN ABOVE CIVIL ACTION

Distinct Court Clerk;

            I am writing to Request a Copy of the DOCKET SHEET of the above Stated
Civil action (WALL v. M'COWAN; 7:23-cv-00331) Because I was informed that Service of my Complaint
was attempted by the U.S. Marshalls (See: ECF no. #14, dated: September 20th 2023) But I haven't heard
or Received the defendant "waives Service of Summons", or entered on the Record "Notice of
Appearance"; therefore, Can this Court Clerk provide me with a Current DOCKET SHEET

                                        Thank you Kindly,
                                        Gary Wall # 1137019

CERTIFICATE OF SERVICE

            I hereby Certify that on this 3th day of NOVEMBER 2023, I mailed the
foregoing: LETTER TO THE CLERK for DOCKET SHEET in Civil action 7:23-cv-00331; to Respondents:
UNITED STATES DISTRICT COURT Clerk; 210 Franklin Road, S.W. Suite 540; ROANOKE, VIRGINIA 24011-
2208, by First Class Mail.

                                        Gary Wall # 1132709
                                        Respectfully Submitted

(1) (pages one of: 1)