CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

August 29, 2024
LAURA A. AUSTIN, CLERK
BY:
        /s/T. Taylor
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GARY WALL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:23-cv-00331 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| OFFICER BRIAN MCCOWAN, *et al.*, | ) | By:    Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

Plaintiff Gary Wall, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 against eight correctional officers at Red Onion State Prison ("Red Onion"). Wall asserts claims of excessive force and failure to intervene in violation of the Eighth Amendment. He also brings state-law claims of assault and battery and willful and wanton negligence. The case is before the court on a partial motion to dismiss filed by seven defendants: Sgt. D. Williams, Sgt. James Jones, Sgt. Cody Taylor, Lt. Jordan Fleming, Officer Tyler Fuller, Officer Alfred Yates, and Officer Jonathan Lester (collectively, "Defendants").[1] For the following reasons, the court will grant the motion in part and deny it in part.

## I.    BACKGROUND

The following facts are taken from Wall's amended complaint and, at this stage, are presumed true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On February 11, 2021, Wall engaged in a "brief tussle" with a nonparty correctional officer in the B-5 pod at Red Onion. (Am. Compl. ¶ 14 [ ECF No. 27].) Officer McCowan, a

---

[1] The eighth defendant, Officer Brian McCowan, is in default, and Wall has moved for default judgment against him. The motion for default judgment will be addressed separately.

canine handler at Red Onion, responded to the incident and allowed a canine to bite Wall's leg, even though he had "surrender[ed]" and was lying in a "non-threatening position" on the pod floor. (*Id.*) Other correctional officers arrived on the scene, including Defendants Williams, Jones, Taylor, Fleming, Fuller, Yates, and Lester. Taylor or Fleming instructed one of the other officers to retrieve a camera, leg irons, and five-point restraints. (*Id.* ¶ 15.) In the meantime, while Wall was kneeling against the wall, Fuller and Yates cursed at him and one of them intentionally pulled his hair while other officers watched. (*Id.*)

An officer subsequently arrived with leg irons and a camera. (*Id.* ¶ 16.) The leg irons were applied "as tight as they could go," and Wall was "ordered to stand up and walk." (*Id.* ¶ 16.) After Wall and the group of officers exited the building, Wall was "slammed headfirst into a puddle of muddy water on the sidewalk without warning, causing injury to the right side of [his] face above [his] eye." (*Id.*) The officers then dragged Wall down a walkway and ordered him to walk again. (*Id.* ¶ 17.) As Wall attempted to comply with the officers' instructions, Williams asked whether the camera was turned on, and he was "given a 'no.'" (*Id.*) Upon learning that the camera held by Lester was not recording them, Williams punched Wall in the face three times while Wall was "fully restrained and compliant." (*Id.*)

Wall was taken to the medical department, where he was eventually placed in five-point restraints. (*Id.*) Wall remained in the restraints for approximately 12 hours. (*Id.*) Several officers submitted internal incident reports advising that Wall had been placed in five-point restraints. (*See* Am. Compl. Exs. 6(a)–6(f).) None of the incident reports mentioned that Wall had been physically assaulted by officers prior to entering the medical department. (*See id.*)

Based on the facts alleged in the amended complaint, Wall asserts the following claims:

**Claim 1(a)**: Defendants McCowan, Fuller, Yates, and Williams used excessive force against Wall in violation of the Eighth Amendment by (1) having a canine to bite his leg; (2) slamming him headfirst onto the ground; (3) punching him in the face; and (4) placing him in five-point restraints for multiple hours.

**Claim 1(b)**: Defendants Taylor, Fleming, Jones, and Lester violated the Eighth Amendment by failing to intervene to prevent the use of excessive force by other officers.

**Claim 2**: Defendants McCowan, Fuller, Yates, and Williams committed assault and battery under state law by (1) having a canine bite Wall's leg; (2) pulling his hair; (3) slamming him headfirst to the ground; and (4) punching him in the face.

**Claim 3**: Defendants engaged in willful and wanton negligence in violation of state law by (1) failing to use only the amount of force reasonably necessary to restrain Wall and transport him to the medical department; (2) failing to take actions to prevent the misuse of force, such as recording Wall being taken to the medical department; and (3) failing to report "any misuse of force or assault and battery while en route to medical."

(*See* Am. Compl. ¶¶ 23–26.)

## II.   STANDARD OF REVIEW

Defendants have filed a partial motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) permits defendants to seek dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While "detailed factual allegations" are not required, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

When evaluating whether a complaint states a claim upon which relief can be granted, "the court must construe all factual allegations in the light most favorable to the plaintiff." *Wilcox v. Brown*, 877 F.3d 161, 166–67 (4th Cir. 2017). "Additionally, when a plaintiff raises a civil rights issue and files a complaint *pro se*, the court must construe pleading requirements liberally." *Id.* Nevertheless, "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A complaint filed by a *pro se* plaintiff "still must contain enough facts to state a claim for relief that is plausible on its face." *Thomas v. Salvation Army S. Terr.*, 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted).

## III.   ANALYSIS

Defendants have moved to dismiss part of Claim 1(a) and parts of Claim 3. The court will address each claim in turn.

### A.   Claim 1(a)

As part of Claim 1(a), Wall seeks to hold Fuller, Yates, and Williams liable under § 1983 for excessive force in violation of the Eighth Amendment. Wall claims that the excessive force included keeping him in five-point restraints for multiple hours, in addition to other actions. Defendants argue that Claim 1(a) fails to state a claim against Fuller or Yates with respect to the use of five-point restraints. Wall does not address this argument in his response to the partial motion to dismiss. (*See* Pl.'s Resp. Opp'n Mot. Dismiss 1-3 [ECF No. 38].) Having reviewed the amended complaint and the attached exhibits, the court concludes that Wall has failed to adequately plead that either Fuller or Yates was personally involved in the use of five-point restraints.

"Section 1983 'creates a cause of action against any person who, acting under color of state law, abridges a right arising under the Constitution or laws of the United States.'" *Aleman v. City of Charlotte*, 80 F.4th 264, 284 (4th Cir. 2023) (quoting *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013)). "To establish personal liability under § 1983, . . . the plaintiff must 'affirmatively show[] that the official charged acted personally in the deprivation of the plaintiff's rights.'" *Williamson v. Stirling*, 912 F.3d 154, 171 (4th Cir. 2018) (alteration in original) (quoting *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985)). "That is, the official's 'own individual actions' must have 'violated the Constitution.'" *Id.* (quoting *Iqbal*, 556 U.S. at 676). Consequently, a complaint must contain "sufficient facts to allow the court to infer liability as to *each* defendant." *Langford v. Joyner*, 62 F.4th 122, 126 (4th Cir. 2023).

In his amended complaint, Wall alleges that he was strapped down in five-point restraints for approximately 12 hours after being escorted to the medical department, and he cites to attached incident reports to support this factual allegation. To the extent that Wall seeks to hold Fuller and Yates liable under § 1983 for any Eighth Amendment violation arising from his confinement in five-point restraints, he does not allege that Fuller or Yates was present when the restraints were applied or that either of these officers played any role in keeping him in five-point restrains for an extended period. Likewise, the incident reports referenced in the amended complaint do not provide any indication that Fuller or Yates witnessed or participated in the application of five-point restraints. Because the amended complaint does not contain any factual allegations that would allow the court to reasonably infer that Fuller or Yates were personally involved in the use of five-point restraints, this portion of Claim 1(a) will be dismissed as to these defendants.

### B.    Claim 3

In Claim 3, Wall asserts that the "actions or inactions of all named defendants" were willfully and wantonly negligent under state law. (Am. Compl. ¶ 26.) Wall specifically faults the defendants for: (1) failing to use only the amount of force reasonably necessary to restrain him and transport him to the medical department; (2) failing to take actions to prevent the misuse of force, such as recording him being transported to the medical department; and (3) failing to "report[] any misuse of force or assault and battery while en route to medical." (*Id.*)

"The essential elements of a negligence claim in Virginia, as elsewhere, are (1) identification of a legal duty of the defendant to the plaintiff; (2) a breach of that duty; and (3) injury to the plaintiff proximately caused by the breach."[2] *Talley v. Danek Med., Inc.*, 179 F.3d 154, 157 (4th Cir. 1999) (citing *Locke v. Johns-Manville Corp.*, 221 Va. 951, 275 S.E.2d 900, 904 (Va. 1981)). "Willful and wanton negligence is one of three levels of negligence." *Harris v. Harman*, 253 Va. 336, 486 S.E.2d 99, 101 (Va. 1997). The Supreme Court of Virginia has explained that "[w]illful and wanton negligence is acting consciously in disregard of another person's rights or acting with reckless indifference to the consequences, with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another." *Curtis v. Highfill*, 298 Va. 499, 840 S.E.2d 321, 324 (Va. 2020) (alteration in original) (quoting *Infant C. v. Boy Scouts of America, Inc.*, 239 Va. 572, 391 S.E. 2d 322, 327 (Va. 1990)).

---

[2] As a federal court exercising supplemental jurisdiction over Wall's state-law claims, the court must apply the choice-of-law rules of the state in which it sits—Virginia. *See Atl. Specialty Ins. Co. v. Bindea*, 656 F. Supp. 3d 624, 638 (W.D. Va. 2023). With respect to tort claims, Virginia's choice-of-law rules dictate that "the law of the place of the wrong" supplies the substantive law. *Milton v. IIT Rsch. Inst.,* 138 F.3d 519, 521 (4th Cir. 1998); *see also Jones v. R.S. Jones & Assocs., Inc.*, 246 Va. 3, 431 S.E.2d 33, 34 (Va. 1993). Because Defendants purportedly harmed Wall at a state prison in Virginia, his tort claims are governed by Virginia law.

Defendants have moved to partially dismiss Claim 3 on two grounds. To the extent that the claim is based on Defendants' failure to video record him being transported to the medical department, Defendants argue that such failure "cannot serve as a basis for any willful and wanton negligence claim" because there was no "legal duty requiring the recording of the escort by handheld camera." (Defs.' Mem. Supp. Mot. Dismiss 6 [ECF No. 33].) To the extent that the claim is based on the failure to report the abusive actions that allegedly occurred before Wall arrived in the medical department on February 11, 2021, Defendants argue that any after-the-fact failure to report did not cause Wall's injuries. (*Id.*)

In response to these arguments, Wall contends that Defendants had an overarching duty to protect him from harm, including harm caused by correctional officers; that they breached that duty by failing to take steps to prevent the series of assaults that occurred on February 11, 2021, including using the handheld camera to record him being transported to the medical department; and that their failure to do so constituted willful and wanton negligence. (*See* Pl.'s Resp. Opp'n Mot. Dismiss 1–2; *see also id.* at 2 (asserting that Defendants acted with "the actual consciousness that [he] was not being recorded by video during transport" and that no effort was made to record him even "after witnessing [a] prior assault/abusive behavior").) Wall also cites to a Virginia Department of Corrections ("VDOC") policy that requires employees to immediately report any incident of abuse involving an employee by submitting a written statement to the Organizational Unit Head or Administrative Duty Officer. (*Id.* at 1 (citing VDOC Operating Procedure 038.1).)

Having considered the parties' arguments, the court concludes that Defendants' partial motion to dismiss must be denied in part and granted in part with respect to Claim 3. The

court is not persuaded by Defendants' argument that the failure to record Wall being transported to medical did not implicate any legal duty owed to him. In making this argument, Defendants appear to have construed the concept of duty too narrowly. As Wall makes clear in his response to Defendants' motion, his claims of willful and wanton negligence are based on alleged breaches of the duty of care owed to prison inmates. Federal district courts in Virginia have consistently recognized that "prison officials are in a 'special relationship' with inmates such that they owe a duty of care" under state tort law, *Rucker v. Piedmont Reg'l Jail Auth.*, No. 3:21-cv-00412, 2021 WL 3863346, at *7 (E.D. Va. Aug. 30, 2021) (quoting *Wright v. Va. Peninsula Reg'l Jail Auth.*, No. 2:19-cv-00189, 2020 WL 1055665, at *17 (E.D. Va. Mar. 4, 2020)), and that such duty includes the obligation to protect inmates from being assaulted by correctional officers. *See Hobbs v. Kelly*, No. 1:23-cv-00003, 2023 WL 3563010, at *5 (W.D. Va. May 19, 2023) (concluding that the estate of a deceased inmate "sufficiently pleaded that defendant Osborne had a duty under Virginia law to protect [the inmate] from the alleged assaults and resulting injury and that failing to do so constituted gross and willful and wanton negligence"); *Wright*, 2020 WL 1055665, at *17 (concluding that an inmate who had been sexually assaulted by a correctional officer alleged sufficient facts to satisfy the duty element). Consistent with these decisions, the court concludes that Wall has alleged sufficient facts to establish the existence of a legal duty. Accordingly, the court rejects Defendants' first ground for partial dismissal of Claim 3.[3]

---

[3] Defendants may argue on summary judgment that they did not breach the duty of care owed to Wall by failing to record him being transported to the medical department or that the failure to do so did not cause any injuries. Because these arguments are not raised in Defendants' brief, the court declines to consider them at this stage of the proceedings.

On the other hand, Defendants' second ground for partial dismissal—that the failure to report the misuse of force after the fact did not cause Wall's injuries—has merit. "To prevail in an action for negligence, a plaintiff must prove . . . that the breach of the duty proximately caused his injury." *AES Corp. v. Steadfast Ins. Co.*, 283 Va. 609, 725 S.E.2d 532, n.3 (Va. 2012). Even assuming that Defendants breached a legal duty owed to Wall by failing to report the abusive conduct that allegedly occurred before Wall arrived in the medical department, Wall cannot not plausibly allege that the after-the-fact failure to report caused his physical injuries. Thus, to the extent that Wall claims that Defendants were willfully and wantonly negligent in failing to report the incidents of abuse in accordance with the applicable VDOC policy, such claim is subject to dismissal.

## IV.   CONCLUSION

For these reasons, the court will grant in part and deny in part Defendants' partial motion to dismiss. The court will require Defendants to file any amended answer within 14 days.

The Clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 29th day of August, 2024.


*/s/  Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE