CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

April 02, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GARY WALL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:23-cv-00331 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| OFFICER BRIAN MCCOWAN, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

Plaintiff Gary Wall, proceeding pro se, filed a civil-rights action asserting claims under 42 U.S.C. § 1983 against eight corrections officers at Red Onion State Prison ("ROSP"). (*See* ECF No. 27.) Plaintiff's claims stem from allegations that, on February 11, 2021, following an altercation with a non-party corrections officer at ROSP, Defendants used excessive force against him and/or failed to intervene to prevent the use of excessive force, in violation of the Eighth Amendment. (*See id.* ¶¶ 23–26.) This matter is presently before the court on Plaintiff's motion for a temporary restraining order. (ECF No. 65.) For the following reasons, the court will deny Plaintiff's motion.

Federal Rule of Civil Procedure 65 permits district courts to issue temporary restraining orders and preliminary injunctive relief. However, a temporary restraining order is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (citations and internal quotation marks omitted). To obtain a such relief, Plaintiff must clearly show that: (1) he is "likely to succeed on the merits" of his claims; (2) he is "likely to suffer irreparable harm absent preliminary relief"; (3) "the balance of the equities favors relief"; and (4) "the relief is in the public interest." *Leaders of a Beautiful Struggle*

*v. Baltimore Police Dep't*, 2 F.4th 330, 339 (4th Cir. 2021) (citing *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 170–71 (4th Cir. 2019)). "[E]*ach* of these four factors must be satisfied to obtain preliminary injunctive relief." *Henderson for Nat'l Lab. Rels. Bd. v. Bluefield Hosp. Co., LLC*, 902 F.3d 432, 439 (4th Cir. 2018) (emphasis in original). And in the context of state prison administration, "intrusive and far-reaching federal judicial intervention in the details of prison management is justifiable only where state officials have been afforded the opportunity to correct constitutional infirmities and have abdicated their responsibility to do so." *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994); *see also Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980) ("[T]he decisions made by prison administrators in their informed discretion have been accorded 'wide-ranging deference' by the federal courts.") (citations omitted).

In Plaintiff's motion for temporary restraining order, he claims that certain officials at Buckingham Correctional Center, where Plaintiff is now housed, are interfering with his legal mail because he will not consent to have the contents of his mailings photocopied. (ECF No. 65, at 1.) The factual allegations in Plaintiff's motion are completely separate from and unrelated to any conduct by Defendants or any events underlying his claims in this case. (*See id.*)

Because the purpose of a temporary restraining order or preliminary injunctive relief under Rule 65 is "to protect the status quo and prevent irreparable harm during the pendency of a lawsuit," *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017), "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint" *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (quoting *Devose v. Herrington,* 42 F.3d 470, 471

(8th Cir. 1994)). Here, Plaintiff has not shown that the allegations in his motion for a temporary restraining order have anything to do with his claims in this action. *See Nealson v. Blankenship*, No. 7:23-CV-00071, 2024 WL 945935, at *1 (W.D. Va. Mar. 5, 2024) (finding that, because unrelated allegations concerning violation of prison mail procedures "are not related to the conduct described in the complaint, 'they cannot provide the basis for a preliminary injunction in this lawsuit'") (quoting *Devose*, 42 F.3d at 471).  Accordingly, Plaintiff's motion (ECF No. 65) is **DENIED**.

The clerk is directed to send a copy of this Order to the parties.

**ENTERED** this 2nd day of April, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE