CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
September 15, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GARY WALL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:23-cv-00331 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| OFFICER BRIAN MCCOWAN, | ) | |
| *et al.*, | ) | By: Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

Plaintiff Gary Wall, a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against various current and former employees of the Virginia Department of Corrections. (*See* Am. Compl. [ECF No. 27.) This matter is before the court on Wall's partial motion for a new trial (ECF No. 96) and his motion to forward the record for appeal (ECF No. 98). For the following reasons, Wall's motions will be denied.

## I. BACKGROUND

This matter concerns events that occurred while Wall was incarcerated at the Red Onion State Prison ("Red Onion") near Pound, Virginia. (*See* ECF No. 57 at 1–3.) In pertinent part, Wall alleged in his amended complaint that on February 11, 2021, while he was at Red Onion, Wall was involved in a "brief tussle" with a non-party correctional officer. (Am. Compl. ¶¶ 9, 14.) Wall further alleged that, after this initial altercation, Defendant Officer Brian McCowan responded to the incident and allowed a canine to bite Wall's leg, causing him injury. (*Id.* ¶ 14.) Based on these allegations, Wall asserted an Eighth Amendment excessive force claim as well as state law claims of assault and battery and willful and wanton negligence against McCowan. (*See* ECF No. 41 at 3.) Although McCowan was served with process (*see*

ECF No. 20), he did not file a responsive pleading nor enter his appearance in this matter and is in default. (*See* ECF No. 30.)

On July 20, 2026, this matter proceeded to a jury trial. (*See* ECF No. 86.) At the close of the trial, the jury awarded Wall one dollar in compensatory damages as to his claims against McCowan.[1] (*See* ECF No. 94 at 1.) The court issued its Judgment Order on July 21, 2026. (*See* ECF No. 95.)

On July 25, 2026, Wall executed his partial motion for a new trial. (*See* ECF No. 96 at 2.) Wall argues that the jury's award of only one dollar in compensatory damages as to McCowan "is inconsistent with the sufficient evidence presented on the record[.]" (*Id.* at 1.) In support, Wall notes that the evidence presented at trial included a video of the canine bite, photographs of Wall's resulting injuries, and Wall's own testimony regarding his injuries. (*Id.*) Wall further notes that an award of only one dollar is a "nominal sum," and argues that such damages are "not a reasonable amount to compensate him for injuries [he] suffered as a result of [McCowan's] unlawful conduct." (*Id.*)

On August 19, 2026, Wall's notice of appeal with the Fourth Circuit and his motion to forward the record for appeal were both docketed. (*See* ECF Nos. 97, 98.) Wall seeks appellate review of the jury's award of only one dollar in compensatory damages as to McCowan. (*See* ECF No. 98.) On August 21, 2026, the court received correspondence from the Clerk's Office

[1] Although the jury also found certain Defendants not liable for Wall's injuries and returned a one-dollar damages award as to another Defendant (*see* ECF Nos. 92, 94), Wall does not take issue with these findings in his partial motion for a new trial. (*See* ECF No. 96.)

for the Fourth Circuit indicating that Wall's appellate action will not be docketed until the court resolves the pending partial motion for a new trial.[2]

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(a), a court may, after a jury trial, grant a motion for a new trial on all or some of the issues "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1). The Fourth Circuit has interpreted this Rule to mean that "the district court must set aside the verdict and grant a new trial if . . . (1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Minter v. Wells Fargo Bank, N.A.*, 762 F.3d 339, 346 (4th Cir. 2014) (cleaned up). "The decision to grant or deny a new trial is within the sound discretion of the district court, and [the Fourth Circuit] respect[s] that determination absent an abuse of discretion." *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998).

"A jury verdict may be set aside and the case remanded for a new trial when it is not possible to reconcile the findings. Likewise, a new trial is appropriate if the verdict is against the clear weight of the evidence[.]" *Jones v. Southpeak Interactive Corp. of Delaware*, 777 F.3d 658, 674–75 (4th Cir. 1992) (quoting *TransDulles Center, Inc. v. USX Corp.*, 976 F.2d 219, 227 (4th Cir. 1992)). A court must, however, have practical and theoretical respect for the fact-finding

---

[2] As noted, Wall has filed a motion to forward the record for appeal (ECF No. 98), which remains pending. In that motion, Wall requests that the Clerk "prepare and forward the record [of this civil action] . . . to the Fourth Circuit." (*Id.*) When cases are appealed to the Fourth Circuit, however the Clerk's Office for that court will typically submit a record request to this court asking for the trial court record. This process takes place after the appellate case is docketed, which has yet to occur in this case. Moreover, parties who appeal actions to the Fourth Circuit do not typically move in this court for the record to be forwarded on appeal. For these reasons, Wall's motion to forward the record for appeal (ECF No. 98) is both unnecessary and premature and will be denied.

and truth-seeking functions of the civil jury. *Ledford v. Gibson*, 648 F. Supp. 326, 328 (M.D.N.C. 1986).

## III. ANALYSIS

As noted, Wall argues that the jury's award of only one dollar in compensatory damages as to McCowan "is inconsistent with the sufficient evidence presented on the record[.]"[3] (ECF No. 96 at 1.) During the damages portion of the trial, Wall referred to video of the canine bite as well as photographs of Wall's resulting injuries that were offered into evidence at the liability stage.[4] Wall also testified on the record that he still suffers from pain and experiences nightmares due to the canine bite. Additionally, Wall testified that, while incarcerated, he had obtained training and skills to work as an electrician after he is released from incarceration. But because of the canine bite, Wall can supposedly no longer stand for sustained periods of time and accordingly cannot be employed as an electrician.

"The central question before the [c]ourt is whether the weight of [Wall's] evidence at trial regarding compensatory damages was such that a reasonable jury could not find that he" was only entitled to one dollar in compensatory damages. *Diamond v. Odere*, No. 1:22-cv-00287, 2025 WL 2443603, at *2 (M.D.N.C. Aug. 25, 2025). Based upon the evidence presented at the

[3] Liberally construed, the motion could also be read as asserting a separate argument for a new trial on damages as to McCowan: specifically, that the jury erred in labelling its one-dollar award as compensatory damages instead of nominal damages. As Wall notes, the court instructed the jury that "[a] plaintiff who has suffered a violation of his constitutional right, but has not sustained actual damages[,] must be awarded a nominal sum of one dollar." (*See* ECF No. 93 at 5.) But the court does not see how a new trial would be justified on this basis alone. For one, if the jury actually intended to award Wall one dollar in nominal damages, then it necessarily found that Wall had failed to show his entitlement to *any* award of compensatory damages. In such circumstances, the court does not see why it should hold a new trial on damages. Moreover, as indicated above, a court may grant a Rule 59(a) motion "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1). But Wall does not cite—and the court is unaware of—any authority granting a motion for a new trial in the circumstances described in this footnote.

[4] In summarizing the evidence presented at the damages stage of the trial, the court refers to a rough draft of the transcript of those proceedings prepared by the court reporter.

trial, such circumstances are not present here.

As an initial matter, the fact that McCowan is in default and therefore has admitted liability does not, in itself, entitle Wall to a substantial award of compensatory damages. *See Ballard v. Dozier*, No. 5:20-CT-03341-M, 2024 WL 6984328, at *1 (E.D.N.C. May 28, 2024) (collecting cases); *see also Kerman v. City of New York*, 374 F.3d 93, 123 (2d Cir. 2004) ("[W]hen a jury has found that the plaintiff proved a defendant used excessive force against him in violation of his rights . . . , a verdict that the plaintiff is not entitled to compensatory damages is not necessarily impermissible."). The jury could have reasonably found that, despite viewing video of the incident and photographs of his injuries, Wall's "testimony as to his injuries lack[ed] objective support or credibility," *id.*, or that Wall's "actions were a contributing factor in his injuries[,]" *Diamond*, 2025 WL 2443603, at *2.[5] Indeed, there was substantial evidence presented at the liability stage to show that McCowan was potentially justified in deploying the canine on Wall.

Moreover, Wall's testimony regarding the pain and nightmares he still experiences and his inability to work as an electrician due to the canine bite did not necessarily entitle him to a significant award of compensatory damages. Wall did not provide any objective support for these injuries but merely provided his own testimony. "[T]he jury may well have disbelieved [Wall's] . . . testimony about the injuries he allegedly incurred[.]" *Denny v. Hilton*, No. 88-7211, 1990 WL 34233, at *2 (4th Cir. Mar. 13, 1990) (per curiam).

Accordingly, the court cannot say that the jury's decision to award Wall one dollar in compensatory damages was against the weight of the evidence, based on information that is

[5] Although these cases involve constitutional claims, their logic presumably applies equally to Wall's state-law claims.

false, or a miscarriage of justice. *See Minter*, 762 F.3d at 346. Therefore, Wall's partial motion for a new trial will be denied.

## IV. CONCLUSION

For the reasons stated above, the court will deny Wall's partial motion for a new trial and his motion to forward the record for appeal.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying order to Wall.

**ENTERED** this 15th day of September, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE